**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION**

DaJUAN ROBINSON

                                                                                                        PLAINTIFF

V.                              NO: 4:10CV00238 JMM

CONWAY POLICE DEPARTMENT *et al.*                                    DEFENDANTS

### **ORDER**

      Plaintiff, currently held at the Faulkner County Detention Facility, filed a *pro se* complaint (docket entry #2), pursuant to 42 U.S.C. § 1983, on April 13, 2010.

      Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. Fed.R.Civ.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 570. However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044

(8th Cir.2002) (citations omitted).

According to Plaintiff's complaint, on March 7, 2010, he was arrested and placed into a police vehicle which "unfortunately" crashed, while going in reverse, into a parked vehicle. Plaintiff contends that he was handcuffed, no seat belt was used, and that as a result of the incident, he sustained a fractured wrist and muscle spasms. Because the negligence described in the complaint is not actionable in a § 1983 lawsuit, Plaintiff's complaint must be dismissed.

Nowhere in his complaint does Plaintiff suggest that the collision between the police car carrying Plaintiff, and the parked vehicle, was anything more than an accident. Indeed, Plaintiff described the incident as unfortunate and incidental. Thus, Plaintiff has essentially alleged negligence on the part of the police officer who was operating the vehicle. However, negligence is not enough to establish a constitutional violation. *Stephens v. Johnson*, 83 F.3d 198, 201 (8th Cir.1996). Accordingly, because Plaintiff has alleged nothing more than negligence, he has failed to state a claim upon which relief may be granted, and his complaint must be dismissed.

IT IS THEREFORE ORDERED THAT:

1. Plaintiff's complaint is DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted.

2. This dismissal counts as a "strike" for purposes of 28 U.S.C. § 1915(g).

3. The Court certifies that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this 17th day of May, 2010.

_____
UNITED STATES DISTRICT JUDGE